## CIRCUIT COURT OF FAIRFAX COUNTY

Ritzer, Adm'r

v.

Koons Pontiac, Olds, GMC Truck, Inc.,
and Shirley Contracting Corp.

March 20, 1991

Case No. (Law) 99019

By JUDGE MICHAEL P. McWEENY

This matter came before the Court on March 12, 1991, upon motion of the Virginia Department of Transportation to quash subpoenas *duces tecum.* After testimony was presented, the documents in question were submitted to the Court for review *in camera.*

The Department of Transportation (VDOT) relies upon the doctrines of attorney-client privilege, work product and documents prepared in anticipation of litigation. Initially, an "Exclusion Log" containing twenty-seven entries was presented; however, VDOT now maintains its position as to the above doctrines only as to numbers 1, 10, 11, 12, 13, 14, 15, 19 and 20. These documents have now been reviewed *in camera.*

The general scope of discovery under the Rules of the Supreme Court of Virginia permits parties to obtain discovery regarding any relevant matter not privileged or otherwise limited by the Court. Rule 4:1(b)(1). It is axiomatic that attorney-client privilege will apply to confidential statements made during an attorney-client relationship for the purposes of seeking legal advice or assistance. Further, the work product doctrine protects

an attorney from opening his files for inspection to an opposing attorney. Lastly, in the event a document is prepared under a substantial probability that litigation will occur and in anticipation of such litigation, it also may be privileged and not subject to discovery.

The second two doctrines are not absolute, however, and discovery will be permitted upon a showing of necessity greater than the normal requirement for good cause. *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947). Further, Rule 4:1(b)(3) permits discovery of this type work product or material prepared in anticipation of litigation under explicit terms. The tests are: relevancy, whether the party seeking discovery can show a substantial need, and that the substantial equivalent of the material cannot be obtained through other means without undue hardship.

Review of the documents in question indicate that items 11, 13, 14, 15 and 19 are protected, at least in part, by the attorney-client privilege. Even when it is argued they were not kept confidential, they still fall under the other two doctrines. Items 1, 10, 12 and 20 were also prepared in anticipation of litigation. Parties to this action, however, have established that certain diagrams were made pursuant to notes and observations immediately after the accident and are unavailable from any other source. There can be no question of their relevancy or the substantial need. VDOT will produce Item 1, attachments A and B of Item 11 (drawings described therein as DM-1 and DM-2), and Attachments C, E, F, and I (first three pages) of Item 19. None of these items fall within the attorney-client privilege, all meet the Rule 4:1(b)(3) criteria, and none contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Items 10, 11 (other than as specified above), 12, 13, 14, 15, 19 (other than as specified above) and 20 are *not* subject to discovery.